UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICHAEL TODD BROWN                                                    PLAINTIFF
ADC #173799

V.                      No. 3:20CV0035-BSM-JTR

BRENT COX, Jail Administrator,
Greene County Detention Center, *et al.*                            DEFENDANTS

## ORDER

Plaintiff Michael Todd Brown ("Brown") has filed a *pro se* § 1983 Complaint alleging that Defendants Jail Administrator Brent Cox ("Cox"), Sergeant Bailey Harris ("Harris"), and Detention Officer Moon ("Moon") violated his constitutional rights during his incarceration at the Greene County Detention Center ("GCDC"). *Doc. 2.* Before Brown may proceed with this case, the Court must screen his claims.[1]

Brown alleges that, while he was a convicted prisoner at the GCDC awaiting transfer to the Arkansas Division of Correction, Defendants: (1) held him in disciplinary segregation for sixty days for an alleged infraction without affording

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

him due process, and where he was subjected to inhumane conditions of confinement; (2) refused to allow him, for over 100 days, to launder his socks, underwear and t-shirts; (3) "constantly interfered" with his efforts to utilize the legal system; (4) served him "grossly insufficient" amounts of food, which caused him to become weak and lose weight; and (5) denied all outdoor exercise.

Brown must provide the Court with additional information so it can complete the screening required by § 1915A. Thus, Brown must file an Amended Complaint explaining: (1) how his ability to access the courts was *actually harmed or injured* by the alleged "interference" with his legal activities; (2) how much time he was allowed out of his cell for visitation, meals, etc.; (3) the size of his cell, and whether he was able to exercise in that cell; and (4) *why* he has sued Defendants in their "official capacity" and his legal basis for doing so.

Finally, Brown has filed a notice of change of address which states that he is currently residing at what appears to be a private address in Little Rock. *Doc. 4*. In light of his release from custody, it is unclear whether he is still entitled to proceed *in forma pauperis*.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Brown: (a) a § 1983 complaint form that is labeled "Amended Complaint"; and (b) a free-world Application to Proceed *In Forma Pauperis*.

2. Brown must file, **within thirty days of the date of this Order**: (a) an Amended Complaint that complies with the instructions in this Order; and (b) a completed free-world Application to Proceed *In Forma Pauperis.*

3. If Brown does not timely and properly comply with this Order, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 10th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE